**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **LARRY HAYNES DUNLAP and MARLENE RENE DUNLAP,** | ) | **Case No. 12-30710 HRT** |
| | ) | |
| | ) | **Chapter 13** |
| **Debtors.** | ) | |
| | ) | |

# ORDER DENYING CLAIM OBJECTION

This case comes before the Court on Debtors' *Objection to Proof of Claim #12* (docket #42) (the "Objection").

Claim #12 was filed by Jefferson Capital Systems LLC (the "Creditor") in the amount of $508.95. According to the proof of claim, the claim is based on a "Preferred Vet" credit card with an account number ending in 3419. The Account Statement Summary attached to the proof of claim contains some elements of the information required under FED. R. BANKR. P. 3001(c)(3), applicable to credit card accounts, but the Court finds that the documentation that the Creditor supplied with its proof of claim does not comply with Rule 3001(c)(3). Nor does a cursory review of the Debtors' Schedule F reveal that Claim #12 matches any debt scheduled by the Debtors.

Creditor was properly served with the Debtors' Objection and failed to respond. Therefore, the Court examines the Debtors' Objection solely for the purpose of determining whether the Debtors have stated an Objection upon grounds that entitle them to the relief requested.

This is a chapter 13 case filed by above median Debtors whose confirmed five year plan provides a $69.96 dividend to the general unsecured creditor class. With over $80,000.00 of filed unsecured claims, the anticipated dividend to unsecured claim holders will be less than one-tenth of one percent.

The instant claim Objection is but one of seven objections that the Debtors have filed in this case. The Court searches in vain for a glimmer of economic rationality underpinning the Debtors' objections. The total value of claims that the Debtors have objected to is less than $3,000.00. Successful resolution of all objections in the Debtors' favor would result in less than $3.00 to be divided up among the remaining claimants. The disallowance of Claim #12, the subject of this particular Objection, would increase the dividend to be divided among the remaining unsecured creditors by less than $ .50.

This Objection is all the more remarkable for the Debtors' failure to advance any substantive objection to the Creditor's claim. Debtors wholly ignore the applicable Bankruptcy

Code section, 11 U.S.C. § 502(b), as authority to disallow the claim. Instead, the Debtors rely exclusively on a procedural rule, FED. R. BANKR. P. 3001, as authority for disallowance. The Court has previously held that revisions to Rule 3001, effective December 1, 2011, have limited a bankruptcy court's latitude in granting relief based on a creditor's failure to comply with the documentation requirements in Rule 3001(c) and that Rule 3001(c)(2)(D) does not permit the Court to disallow a proof of claim based solely on a creditor's failure to comply with Rule 3001(c). *See In re Reynolds*, 470 B.R. 138 (Bankr. D. Colo. 2012). Given that the Debtors' Objection fails to raise any substantive objection to the allowance of the Creditor's claim, the Objection must be denied.[1]

Debtors also seek to penalize the Creditor under Rule 3001(c)(2)(D) on account of its failure to document its claim as required under Rule 3001(c). That is a separate and distinct issue from claim allowance under 11 U.S.C. § 502. Debtors seek two forms of relief: 1) they seek an order under Rule 3001(c)(2)(D)(i) prohibiting the Creditor from presenting the omitted information as evidence in the future; and 2) they seek an award of attorney fees under Rule 3001(c)(2)(D)(ii).

The Creditor has never responded to the Debtor's Objection, so no issue has been raised with respect the Creditor seeking to submit the information that was omitted from its proof of claim. Consequently, that is not an issue that is ripe for determination.

Rule 3001 also provides that a court may "award other appropriate relief, including reasonable expenses and attorney's fees caused by the [creditor's] failure" to provide information required by Rule 3001(c). FED. R. BANKR. P. 3001(c)(2)(D)(ii). The rule states two requirements for an award of fees. First the fees incurred by the Debtor must have been "caused" by the failure to provide documentation. That requires that the Court must find a causation nexus between the Creditor's failure to adequately document its claim and the fees incurred. Second, the rule requires that fees and expenses awarded must be "reasonable."

The Debtors' Objection adequately states the required nexus. The Debtors' counsel wrote to the Creditor requesting the information that it omitted from its proof of claim. Based upon the Debtors' Objection, the Court can find that the attorney fees incurred making that request were "caused" by the Creditor's failure to document its claim.

---

[1] Because the Debtors' Objection discusses their inability to identify the original creditor on the basis of the documentation provided by the Creditor with its proof of claim, the Court considered the efficacy of deeming their Objection to be a substantive objection to the Creditor's standing under § 502(b) so that the requested relief could be granted. However, because it is equally plausible that the failure to advance substantive grounds under § 502(b) was not an oversight but a conscious choice because they could not, in good faith, assert a substantive objection, the Court has considered only the grounds specifically advanced by the Debtors.

Here, the reasonableness element required by the rule is lacking. For the purpose of this Order, the Court assumes that the investigation of this claim by Debtors' counsel was necessary in order for the Debtors to determine whether or not they owed the debt. But the Court's review of the Debtors' plan and the claims filed in this case reveals a total benefit to the remaining creditors in the estate, resulting from disallowance of Claim #12, to be less than $ .50. Where the greatest potential benefit of the attorney's labors is less than $ .50, the Court finds that any attorney fees incurred in such an enterprise are unreasonable as a matter of law. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir.1974) (when a court examines the reasonableness of an attorney fee request, among the factors a court must consider is the amount of fees involved compared to the results obtained).

Therefore, it is

**ORDERED** that Debtors' *Objection to Proof of Claim #12* (docket #42) is DENIED.

Dated this 3rd day of October, 2013.

**BY THE COURT:**

Howard R. Tallman, Chief Judge
United States Bankruptcy Court